UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

David J Kreba                                           Case No.:  3:14-bk-02318-JAF
And Prudence N Robertson                                Chapter 13

Debtors
_____


David J Kreba                                           Adv Pro No.:  3:15-ap-_____-JAF
And Prudence N Robertson

Plaintiffs

v.

The Jacksonville Bank

Defendant.
_____

## COMPLAINT

David J. Kreba and Prudence N. Robertson (Plaintiffs) sue The Jacksonville Bank (Defendant) and would state:

1. This is an action brought pursuant to 11 U.S.C 506(a) to value collateral and determine the status of Defendant's lien and/or claim against the Plaintiffs.

2. Plaintiffs purchased their homestead property located at 14876 Bulow Creek Drive, Jacksonville, Florida 32258 (Plaintiffs' Property) in November of 2005.  This property is more particularly described as:

   LOT 508, BARTRAM SPRINGS UNIT 3A, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 57, PAGES 16 AND 16A THROUGH 16P, INCLUSIVE, AS RECORDED IN THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA

   The purchase was accomplished by first mortgage by Mortgage Electronic Registration Systems, Inc. executed by Plaintiffs in the amount of $260,750.00.  This mortgage is now held by Wells Fargo Home Mortgage.

3. In June of 2006 Plaintiffs entered into a second mortgage transaction with The Jacksonville Bank (Defendant).  Defendant loaned Plaintiffs the principal sum of $45,000.00 to be secured by a second mortgage on the Plaintiffs' Property which was recorded in OR Book 13333, page 1439 of the Public Records of Duval County, Florida.

4. Additionally, on September 4, 2013 Defendant was granted a Final Judgment against the Plaintiffs in the amount of $51,096.20 which was recorded in OR Book 16516, page 2089 of the Public Records of Duval County, Florida and a Judgment Lien Certificate was issued on October 23, 2013 with the Secretary of State, State of Florida (Doc No. J13001532077).

5. Section 506 of the Bankruptcy Code defines the secured and unsecured status of debts based upon the value of the underlying collateral.  This Section provides in relevant part:

   An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

   11 U.S.C. § 506(a)(2011).

6. The replacement value of the Plaintiffs' Property based on personal knowledge is $170,000.00.

7. As of the date of filing of the Voluntary Petition, there remained a sum due in excess of $388,558.46 (plus applicable payoff charges) on the first mortgage loan on the property.

8. Under the provisions of 11 U.S.C. §506(a), the second mortgage lien of with Defendant is wholly unsecured and subject to removal and treatment as an unsecured claim in Plaintiffs' Chapter 13 Bankruptcy.

Accordingly, Plaintiffs request that this Court:

1. Value the interest and any claims of with Defendant in the Plaintiffs' Property at the replacement value of $0.00; and

2. Strip off the lien of with Defendant by virtue of its second mortgage lien on the Plaintiffs' Property and treat this creditor as unsecured.

Dated this 18th day of February, 2015.

>                             /s/Alison N. Emery
>                             Alison N. Emery, Esquire
>                             Florida Bar No. 621641
>                             Attorney for Debtors/Plaintiffs
>                             Emery Kast, PLLC
>                             3731 Hendricks Avenue
>                             Jacksonville, FL  32207
>                             904-404-3394 (phone)
>                             alison@jaxlawyer.com